**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **EMANUEL DAVIS and CHRISTINA DAVIS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-5852** |
| | * | |
| **HARTFORD INSURANCE COMPANY OF THE MIDWEST** | * | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss or Alternatively for a Stay Pursuant to the First-to-File Rule (Rec. Doc. No. 4). Plaintiffs oppose the motion (Rec. Doc. No. 5); however, this opposition was filed one day late in violation of Local Rule 7.5E. After review of the motion, response, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

### *BACKGROUND*

Plaintiffs have filed this lawsuit to recover damages from their insurance company for damage to their property by Hurricane Katrina. Prior to filing this lawsuit, Plaintiffs filed a mass joinder suit along with many other plaintiffs against several defendants, including Hartford Insurance Company of the Midwest. *See Abram, et al. V. AAA Insurance, et al.*, 07-5205 (E.D. La. Jan. 12, 2009 ). In *Abram*, Magistrate Judge Wilkinson ordered that each joined plaintiff in that suit must file an individualized amended complaint asserting their claim against only the defendant insurer relevant to that claim. Plaintiffs filed their amended complaint

1

in accordance with Magistrate Judge Wilkinson's order against Defendant, and Judge Berrigan ruled that the Court lacked subject matter jurisdiction to decide the case. This matter is currently on appeal in the United States Court of Appeals for the Fifth Circuit.

Plaintiffs have now filed the instant lawsuit, which was originally in state court but subsequently removed by Defendant to this Court. The complaint in this lawsuit contains allegations that are identical to the first-filed lawsuit filed in Judge Berrigan's Court and currently on appeal in the Fifth Circuit. As a result, Defendant has filed this motion to dismiss without prejudice or alternatively to stay the action pending resolution of the Fifth Circuit appeal.

**FIRST-TO-FILE RULE**

The Fifth Circuit has explained that, "[u]nder the first-to-file rule, a district court may dismiss, stay, or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another federal court." *Burger v. Am. Mar. Officers Union*, Nos. 97-31099, et seq., 1999 WL 46962, at *1 (5th Cir. Jan. 27, 1999). The first-to-file rule seeks "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* Furthermore, "the same policy concerns for avoiding duplicative litigation and comity

exist when a similar matter is pending in a federal district court and a federal court of appeals in a different circuit." *Id.*

In determining whether to apply the first-to-file rule, the Court must consider two questions: "(1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case?" *Murray v. Wilson*, No. 08-2005, 2008 WL 3498226, at *2 (E.D. La. Aug. 8, 2008). The first question should be answered affirmatively when there is a "substantial overlap" between the two suits. *Id.* With regard to the second question, deference should be given to the first-filed suit absent "compelling circumstances" such as bad faith, anticipatory litigation, or forum shopping. *Id.*

In this case, the complaint of the first-filed lawsuit in Judge Berrigan's Court is virtually[1] identical to the lawsuit filed here. As such, the first prong of the first-to-file inquiry is met. The second prong is also met because there are no compelling circumstances justifying the maintenance of this second suit while the Fifth Circuit appeal is pending. As such, because both prongs of the inquiry are met, this Court should apply the first-to-file

---

[1]The only differences between the second complaint here and the first-filed complaint are that the first-filed complaint contains (1) an introductory paragraph explaining that Plaintiffs were previously part of a severed mass joinder action, (2) a jury demand, and (3) a fleeting reference to flood damage and wind-driven rain.

3

rule.

In addition, if this Court does not dismiss or stay this second-filed lawsuit and the Fifth Circuit reverses Judge Berrigan's dismissal for lack of subject matter jurisdiction, the first-filed case would be remanded and there would then be two identical lawsuits pending in the Eastern District of Louisiana. This outcome would be unnecessarily duplicative. Furthermore, if the Fifth Circuit affirms Judge Berrigan's dismissal of the first-filed complaint for lack of subject matter jurisdiction, this second-filed lawsuit would be subject to dismissal for lack of subject matter jurisdiction as well because the second complaint is identical in all substantive respects to the first-filed complaint currently on appeal. Accordingly, the captioned action is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 9th day of October, 2009.

```
                              _____
                                     IVAN L.R. LEMELLE
                              UNITED STATES DISTRICT JUDGE
```